**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 24, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11155
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CHRIS RYAN JACKSON,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-250-ALL-A
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Chris Ryan Jackson was convicted by a jury of one count of

possession with intent to distribute 30 grams of cocaine in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C)(iii); one count of

carrying a firearm during and in relation to a drug trafficking

offense in violation of 18 U.S.C. § 924(c)(1); and two counts of

possession of a firearm by a felon in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2).  Jackson appeals his sentence as

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to all counts and his conviction on the § 924(c) count.  Finding no error, we affirm.

Jackson argues that the evidence was not sufficient to support his conviction for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c).  As Jackson did not renew his Rule 29 motion for acquittal, our review is limited to determining whether there is a manifest miscarriage of justice, meaning that the "the record must be devoid of evidence of guilt or the evidence must be so tenuous that a conviction is shocking."  See United States v. Avants, 367 F.3d 433, 449 (5th Cir. 2004).

Jackson's contention that the evidence did not show he was guilty of a drug trafficking crime is without merit.  Jackson does not separately challenge his conviction for possession with intent to distribute cocaine, which is the predicate offense for the § 924(c) conviction.  See United States v. Munoz-Fabela, 896-F.2d 908, 911 (5th Cir. 1990).  In addition, the evidence that Jackson was arrested in possession of more than 20 grams of crack cocaine coupled with testimony that such an amount is consistent with distribution was sufficient to support a finding of drug trafficking.  See United States v. Harrison, 55 F.3d 163, 165 (5th Cir. 1995).

The evidence amply supported the jury's verdict that the weapon recovered from Jackson when he was arrested furthered the offense.  The gun was found in Jackson's rear waistband, it was

loaded, and it was readily accessible and near the drugs that Jackson was carrying. See United States v. Ceballos-Torres, 218 F.3d 409, 413-15 (5th Cir. 2000).

Jackson next argues that the district court erred in concluding that his two prior offenses for theft and robbery were not related for purposes of his criminal history score. Relatedly, he contends that the district court erred in relying on summaries of police reports set out in an addendum to the Presentence Report(PSR) and that, as those reports were not part of the record, there was no evidence to support the district court's finding. He also asserts that reliance on the reports was improper under United States v. Booker, 125 S. Ct. 738 (2005), and Shepard v. United States, 125 S. Ct. 1254 (2005).

In making sentencing determinations under the Sentencing Guidelines, a district court may rely on information set forth in the PSR. United States v. Montoya-Ortiz, 7 F.3d 1171, 1180 (5th Cir. 1993). Jackson does not dispute the reliability or accuracy of the PSR's summary of the reports and, in fact, cited the summary and the reports in support of his arguments to the district court. His contention that there was no evidence to support the district court's findings is without merit. We also reject his claim that the district court's reliance on the reports violated Booker or Shepard.

The district court did not err in finding that the offenses were not related. First, the offenses did not occur on the same

occasion.  One was the theft of a vehicle from a dealership, while the second was an armed robbery of an individual, and the crimes occurred in different locations at different times.  Cf. United States v. Moreno-Arredondo, 255 F.3d 198, 207 (5th Cir. 2001).  Further, they were not part of a common scheme or plan as they were not planned at the same time, nor did the theft of the vehicle necessarily entail the subsequent robbery.  Cf. United States v. Robinson, 187 F.3d 516, 520 (5th Cir. 1999).

Finally, Jackson argues that, pursuant to Booker, the district court violated his Sixth Amendment rights by basing his sentence on facts that were neither found by a jury nor admitted by him.  As Jackson did not make a Sixth Amendment challenge in the district court, we review for plain error.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  Jackson cannot show that any error affected his substantial rights under the third prong of the plain error test, because there is nothing in the record to indicate that the district court would have given Jackson a lower sentence under an advisory rather than a mandatory sentencing scheme.  See id.  For the foregoing reasons, the judgment of the district court is AFFIRMED.