Christine COSTELLO, on her own behalf, and on behalf of her daughter Amber Costello, a minor, Plaintiff–Appellant,

v.

TOWN OF WARWICK, Thomas McGovern, Chief of Police, sued in his individual capacity, and Ronald Donnatin, sued in his individual capacity, Defendants–Appellees.

No. 06–5138–cv.

United States Court of Appeals, Second Circuit.

April 17, 2008.

Michael H. Sussman, Goshen, NY, for Plaintiff–Appellant.

Cynthia Dolan, Boeggeman, George, Hodges & Corde, P.C., White Plains, NY, for Defendants–Appellees Ronald Donnatin and Thomas McGovern.

Paul E. Svensson, Hodges Walsh & Slater, LLP, White Plains, NY, for Defendant–Appellee Town of Warwick.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM,[1] District Judge.

1. The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Christine Costello appeals the October 11, 2006 judgment of the United States District Court for the Southern District of New York (Robinson, *J.*). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a grant of summary judgment *de novo,* "construing the facts in the light most favorable to the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir.2008) (internal quotation marks omitted). 42 U.S.C. § 1983 imposes liability on any person who under color of state law "subjects ... any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. We analyze the appellant's claim that Police Officer Ronald Donnatin ("Donnatin") violated Anthony Costello's ("Costello") Fourth Amendment right to freedom from the use of excessive force according to the Fourth Amendment's reasonableness standard. *Salim v. Proulx,* 93 F.3d 86, 88–89 (2d Cir.1996). To survive summary judgment, the appellant was required to raise a material question of fact as to whether Donnatin's decision to use deadly force was "objectively reasonable," or in other words, whether he had "probable cause to believe that [Costello] pose[d] a significant threat of death or serious physical injury to [himself] or others." *Cowan ex rel. Estate of Cooper v. Breen,* 352 F.3d 756, 762 (2d Cir.2003) (internal quotation marks omitted). Contrary to the appellant's assertions, whether Donnatin's decision was objectively reasonable "depends only upon [his] knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force." *Id.* (internal quotation marks omitted).

Minutes before Donnatin's decision to shoot, Costello sat in the driver's seat of his car, which was boxed in between the cars of a police officer and a detective. Although six police officers were standing next to or close to the car, Costello put the vehicle into drive and stepped on the gas. The car then moved forward and backwards, and hit the car in front of it. It appeared to Donnatin, who was standing near the passenger side door of Costello's car, that Costello was then "going to back the car up" again. At this moment, it was objectively reasonable for Donnatin to believe that at least one police officer was underneath Costello's car, that other officers may have been hurt, and that Costello would continue to use his car to inflict serious bodily harm on the other arresting officers.

The appellant's arguments to the contrary are without merit. Whether the police officers whom Costello knocked over with his car were actually "out of any danger" is not dispositive. We evaluate the reasonableness of Donnatin's decision based on his own knowledge of the circumstances immediately prior to his split-second decision to shoot and conclude that under the circumstances presented, Donnatin's conduct was reasonable. *See Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). Moreover, contrary to appellant's assertions, Donnatin was not required to have acted in self-defense or to have confronted a fleeing felon in order for his decision to use deadly force to be objectively reasonable.

Furthermore, the district court did not err in granting summary judgment to the

Town of Warwick on the municipal liability claim. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that a local government may not be sued under § 1983 on the theory of *respondeat superior*). Nor did it abuse its discretion when it declined to exercise supplemental jurisdiction over the appellant's remaining state law claims after the dismissal of all federal claims. *See* 28 U.S.C. § 1367(c)(3); *Adams v. Suozzi,* 517 F.3d 124, 129 (2d Cir.2008).

We have considered the appellant's remaining arguments and find them to be without merit. Accordingly, the judgment is AFFIRMED.