**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2011

No. 10-51006
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARMINA PANDO-DE MADRID,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-191-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Carmina Pando-De Madrid pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 46 months of imprisonment and three years of supervised release. Relying on *United States v. Rojas-Luna*, 522 F.3d 502, 504-06 (5th Cir. 2008), Pando-De Madrid argues that the district court erred under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) by finding a fact not alleged in the charging instrument which resulted in the assessment of an illegal 46-month sentence over the statutory maximum of two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51006

years. She argues that this issue is subject to de novo review because her objections to the 16-point increase preserved the error, or alternatively, because a sentence which exceeds the statutory maximum is an illegal sentence constituting plain error, citing *United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008).

At sentencing, counsel for Pando-De Madrid objected to the 16-point offense level increase on the basis that it was cruel and unusual punishment. Pando-De Madrid did not object on the basis of the argument made now on appeal that the facts necessary to impose punishment under § 1326(b)(2) were not charged in the Information. In *Vera*, we stated that "regardless of whether Vera properly preserved an objection to his sentence, 'because a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error, our review of the issue presented in this appeal will be de novo'" citing *United States v. Sias*, 227 F.3d 244, 246 (5th Cir.2000). The line of cases relied upon for that statement applied de novo review to an issue involving statutory interpretation. *See United States v. Lankford*, 196 F.3d 563, 578 (5th Cir. 1999); *United States v. Hebert*, 131 F.3d 514, 525 (5th Cir.1997). Pando-De Madrid's claim of error does not involve statutory interpretation. Thus, we review it for plain error. *See Rojas-Luna*, 522 F.3d at 504 (applying plain error to claim that *Apprendi* error resulted in sentence above the statutory maximum); *United States v. Williams*, 602 F. 3d 313, 318-19 (5th Cir.), *cert denied*, 131 S. Ct. 597 (2010) (same). To show plain error, Pando-De Madrid must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009). A sentence that is greater than the statutory maximum permitted affects a defendant's substantial rights. *Rojas-Luna*, 522 F.3d at 506-07. If such a showing is made, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. at 507.

No. 10-51006

The facts in Pando-De Madrid's case are distinguishable from those in *Rojas-Luna*. The Information charged that Pando-De Madrid was previously removed on August 15, 2003. The Notice of Sentencing Enhancement set forth the dates of her prior aggravated felony convictions in 1996 and 1997. The Factual Basis stated that Pando-De Madrid was removed in 2003 following her aggravated felony convictions in 1996 and 1997. Pando-De Madrid admitted to the accuracy of these facts at her guilty plea hearing. She acknowledged that she understood that this subjected her to a punishment range of zero to 20 years. The facts necessary to enhance Pando-De Madrid's punishment under § 1326(b)(2) were charged by the Government and admitted by Pando-De Madrid. The district court did not plainly err in sentencing Pando-De Madrid to 46 months of imprisonment. *See Rojas-Luna*, 522 F.3d at 504.

Pando-De Madrid argues that her sentence was procedurally unreasonable because the district court did not indicate that it had considered two of the proffered mitigating circumstances for requesting a lower sentence and failed to state reasons for rejecting such request. If a defendant does not object to the procedural reasonableness of her sentence, including lack of reasons given for the sentence by the district court, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Pando-De Madrid argues that in *Mondgragon-Santiago*, we required more than FED. R. CRIM. PROC. Rule 51(b) requires. She contends that the plain error standard imposed by *Mondragon-Santiago* is impossible to meet and should not be followed because it constitutes a plain error of law in the initial panel's decision, citing *Appleton Electric Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 607 (7th Cir. 1980).

In rejecting Pando-De Madrid's request for a below guidelines sentence, the district court explained that the 16-point enhancement was deserved based on her two prior drug-trafficking convictions. The district court also noted that Pando-De Madrid chose to disregard the law when she was aware that she could

3

not reenter the country illegally and that she continued to violate the law, apparently a reference to her 2010 convictions for driving without a driver's license and issuing a bad check. The district court judge determined that the guideline range was fair and reasonable and that he was not departing from the recommended sentence. The record shows that the court listened to Pando-De Madrid's statements and counsel's arguments at the sentencing hearing and gave reasons for rejecting the request for a below guidelines sentence. The district court's failure to give reasons for rejecting each specific basis for the request does not mean the district court did not consider them. The district court's explanation was adequate and did not constitute plain or obvious error. *See Mondragon-Santiago*, 564 F.3d at 362-65. *Appleton*, 635 F.2d at 607, is a Seventh Circuit case involving law of the case doctrine and is inapplicable.

Pando-De Madrid seeks to file a supplemental brief raising two additional issues, whether her guilty plea was knowing and voluntary and whether the magistrate judge complied with Rule 11. The Government opposes the motion. Pando-De Madrid's supplemental brief contains new arguments, raises new issues, does not supplement the initial brief as contemplated by the rules, and is not a reply brief. *See* FED. R. APP. P. 28(a), (c), (j); 5TH CIR. R. 28.4. Accordingly, it does not properly supplement the brief. Moreover, because issues not raised in an appellant's initial brief as required by Rule 28 are deemed waived, Pando-De Madrid has waived the arguments raised in her motion and supplemental brief. *See United States v. Ogle*, 415 F.3d 382, 383 (5th Cir. 2005) ("Our cases make it clear that an argument not raised in appellant's original brief as required by Fed. R. App. P. 28 is waived."); *see also United States. v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005) ("Any issue not raised in an appellant's opening brief is deemed waived."). Pando-De Madrid has not shown that we should set aside our usual rule against considering issues that were not raised in an appellant's original brief. Accordingly, we DENY the motion to file a supplemental brief.

AFFIRMED; MOTION DENIED.