# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40352

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

ABRAHAM HERNANDEZ-ZAVALA,

        Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC 2:15-CR-883-1

Before JONES, CLEMENT, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON:*

Abraham Hernandez-Zavala appeals his sentence imposed following his guilty plea for illegally reentering the United States. He argues that the district court erred in enhancing his sentence based on a prior conviction and deportation and in determining his criminal history score. Additionally, he contends that the district court violated his due process and equal protection rights. We affirm.

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40352

I

Hernandez-Zavala was charged with illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) & (b). The one-count indictment did not allege a specific date of deportation and did not allege that Hernandez-Zavala was deported after a felony or an aggravated felony conviction. Hernandez-Zavala pleaded guilty to the indictment before a magistrate judge pursuant to a plea agreement.

At the plea hearing, the Government provided the following factual basis for the plea:

> [T]he Defendant, Abraham Hernandez-Zavala, was encountered by law enforcement in Claiborne County on September 13th, 2015. He is a citizen and national of Mexico with no legal right to remain or enter into the United States. He was ordered removed from the United States by an immigration judge on March 13th, 2006, and was physically removed March 18th, 2006. His most recent removal was September 13th of 2015. At this time, there is no evidence to suggest that he had received permission from the Attorney General or the Secretary of the Department of Homeland Security to enter into the United States.

When asked by the court whether that information was correct, Hernandez-Zavala replied affirmatively. The magistrate judge confirmed that Hernandez-Zavala was pleading guilty and told the parties that he would recommend that the district court accept the guilty plea.

Approximately five minutes after conclusion of the plea hearing, the magistrate judge recalled Hernandez-Zavala's case. The magistrate judge noted his confusion concerning the most recent date on which Hernandez-Zavala was deported because the date stated by the Government in the factual basis, September 13, 2015, was the same as the date on which the Government alleged Hernandez-Zavala was found in the United States. The Government then provided a corrected date for the most recent deportation of July 28, 2014. Hernandez-Zavala confirmed that July 28, 2014 was the correct date and

restated his plea of guilty. Neither party filed objections to the magistrate judge's report and recommendation, and the district court accepted Hernandez-Zavala's plea of guilty.

Over one month later, the Government filed an "Agreed Motion to Amend Plea Colloquy," which stated that the corrected July 28, 2014 deportation date was also inaccurate and that the most recent date of deportation was in fact May 28, 2015. The Government asked the court to amend the plea colloquy based on the assertion that the erroneous date was an error arising from oversight, citing Rule 36 of the Federal Rules of Criminal Procedure.[1] The Government later filed an amended motion attaching a Form I-205 "Warrant of Removal/Deportation" that documented Hernandez-Zavala's removal from the United States on May 28, 2015. The record does not reflect that the district court ruled on either motion.

The initial presentence report (PSR) stated that Hernandez-Zavala had been deported from the United States to Mexico on May 10, 1997; March 18, 2006; November 10, 2007; June 10, 2011; and May 28, 2015. The PSR noted that the 2011 and 2015 deportations occurred after Hernandez-Zavala was convicted of drug trafficking offenses in 2008 and 2009, and accordingly added 16 levels to his base offense level of 8. *See* U.S.S.G. § 2L1.2(a) & (b)(1)(A). After subtracting 3 levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, the PSR calculated a total offense level of 21. This total offense level, combined with Hernandez-Zavala's criminal history category of VI, yielded a recommended guidelines sentencing range of 77 to 96 months. Notwithstanding this guidelines range, the PSR determined that Hernandez-Zavala was subject to the 2-year statutory maximum under § 1326(a) because

---

[1] Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

No. 16-40352

the Government had provided incorrect deportation dates at the defendant's plea.

The Government objected to the PSR, arguing that because Hernandez-Zavala had been deported after an aggravated felony conviction, his statutory maximum sentence should be 20 years under § 1326(b). The Government attached to its objections the Form I-205 warrant of removal/deportation that documented the May 28, 2015 deportation date. Hernandez-Zavala responded that the Government's position contradicted *United States v. Rojas-Luna*, 522 F.3d 502 (5th Cir. 2008), and that the 2-year statutory maximum under § 1326(a) applied. Hernandez-Zavala also stated that he remained silent and made no admission as to removal dates alleged in the PSR and in the filings by the Government; that he made no comment on the accuracy of the PSR; and that he was opposed to the Government's motion to amend the plea colloquy.

At the sentencing hearing, the Government reurged its objection to the PSR's application of the 2-year statutory maximum. Hernandez-Zavala asked for more time to obtain the trial transcript for his 2009 assault and coercion convictions, which impacted his criminal history score, so the district court could "better understand[]" the circumstances surrounding these offenses. The district court granted a continuance.

At the continued sentencing hearing, the Government argued that the court should apply the 20-year statutory maximum under § 1326(b) because the deportation date Hernandez-Zavala admitted to at his plea (July 28, 2014) occurred after his 2009 convictions for assault and coercion. Hernandez-Zavala contended that the district court could not rely on a factually incorrect date to increase the statutory maximum. Over objection from defense counsel, the district court gave Hernandez-Zavala two options: to proceed with sentencing or to withdraw his plea. After discussing his options with counsel, Hernandez-Zavala agreed to proceed with sentencing, but he maintained his objection to

4

No. 16-40352

using the corrected deportation date to apply the 20-year statutory maximum. He argued that the Government had not met its burden to "prove up the elements of the offense" at the plea and that the district court was giving the Government "two bites at the apple."

Although Hernandez-Zavala repeatedly professed his desire to remain silent at sentencing with respect to the date of his last deportation, he confirmed upon questioning by the district court that it was his signature on the Form I-205 introduced by the Government. Ultimately, the district court determined that the 20-year statutory maximum was applicable.

Before the district court announced his sentence, Hernandez-Zavala again stated that he wanted to clarify the facts surrounding his coercion and assault convictions. Hernandez-Zavala attempted to play an audio CD of the stipulated facts for the convictions, but the tape was inaudible. He then stated that he wanted the district court to know that the victim was not "completely innocent" in that case because she stole money from him, faked her own kidnapping, and forged a deed to their home. The district court found that it did not have "the whole truth" because it did not have the state court document that contained the stipulated facts for the convictions. The district court sentenced Hernandez-Zavala to 83 months in prison, and Hernandez-Zavala timely appealed. On appeal, he is proceeding pro se. [2]

II

A defendant convicted of illegal reentry under 8 U.S.C. § 1326(a) is generally subject to a statutory maximum sentence of 2 years' imprisonment. However, the penalty provisions of § 1326 provide a 20-year maximum for a

---

[2] Because Hernandez-Zavala is pro se, we "liberally construe[]" his briefs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

defendant whose prior removal followed a conviction for an aggravated felony. 8 U.S.C. § 1326(b)(2).

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). A defendant's prior conviction used to enhance the sentence under § 1326(b)(2) is a sentencing factor that need not be described in the indictment. *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998). The fact of a prior removal, however, must be proven to a jury or admitted by the defendant as part of a guilty plea. *Rojas-Luna*, 522 F.3d at 506 & n.2; *see also United States v. Pando-De Madrid*, 442 F. App'x 119, 121 (5th Cir. 2011) (unpublished).

Hernandez-Zavala argues that the district court committed *Apprendi* error, as articulated in *Rojas-Luna*, 522 F.3d at 505–06, by applying the 20-year statutory maximum pursuant to § 1326(b). This court reviews de novo whether the sentence imposed by the district court exceeded the statutory maximum dictated by the conviction in violation of *Apprendi*. *See United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000) (finding that the de novo standard of review applied to a preserved objection pursuant to *Apprendi*). *Apprendi* errors are subject to harmless error analysis. *United States v. Roussel*, 705 F.3d 184, 201 (5th Cir. 2013) (citing *United States v. Matthews*, 312 F.3d 652, 661, 665 (5th Cir. 2002)).

We need not determine whether the district court committed *Apprendi* error because any error would be harmless. *See Matthews*, 312 F.3d at 665. The proper remedy for an *Apprendi* error is remand to the district court for resentencing with a statutory maximum based on facts admitted at the guilty plea or proven to a jury. *See, e.g.*, *Rojas-Luna*, 522 F.3d at 507. Thus, on remand, the district court would have only the deportation date admitted to by

No. 16-40352

Hernandez-Zavala at his plea. Here, however, Hernandez-Zavala admitted to a deportation date sufficient to support imposition of the 20-year statutory maximum. The admitted-to date—July 28, 2014—also occurred after his 2008 and 2009 aggravated felony convictions. Accordingly, Hernandez-Zavala would have been subject to the 20-year maximum penalty based on his admitted-to factual basis, and any district court error did not affect the outcome of the proceedings. *See, e.g.*, *United States v. Mejia-Huerta*, 480 F.3d 713, 720 (5th Cir. 2007) ("A sentencing error will be considered harmless if the government can establish beyond a reasonable doubt that the district court would have imposed the same sentence absent the error.").

Moreover, any error based on an inaccuracy admitted to by Hernandez-Zavala would also be harmless.[3] *See United States v. Adams*, 961 F.2d 505, 510–513 (5th Cir. 1992) (applying harmless error analysis to district court's failure to determine a sufficient factual basis for the plea). The deportation warrant signed by Hernandez-Zavala is uncontroverted evidence of a prior deportation on May 28, 2015, well after his 2008 and 2009 aggravated felony convictions. Thus, "upon examination of the entire record in this case, . . . [any] failure of the district court to establish adequately that a factual basis existed for [Hernandez-Zavala's] plea [would] not affect [his] substantial rights, because the record as a whole reveals that [his] actions satisfied the elements" necessary to apply the 20-year statutory maximum under § 1326(b). *Id.* at 512–13.

Further, there is nothing in the record indicating that Hernandez-Zavala would have changed his plea if the Government had supplied the correct

---

[3] This argument is also waived. Although we liberally construe pro se filings, *Erckson*, 551 U.S. at 94, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Hernandez-Zavala does not brief any argument that the district court could not rely on his admission of the July 28, 2014 date in applying the 20-year statutory maximum.

deportation date of May 28, 2015 as part of the factual basis. *See United States v. Pena*, 720 F.3d 561, 573 (5th Cir. 2013) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004))). The indictment to which Hernandez-Zavala pleaded guilty charged him with violating § 1326(a) and (b). At the plea hearing, the district court advised Hernandez-Zavala that he faced a 20-year statutory maximum pursuant to § 1326(b). Hernandez-Zavala initially confirmed the accuracy of a factual basis that included September 13, 2015, as the date of his most recent deportation. After recalling the case, the magistrate judge specifically asked Hernandez-Zavala to confirm that July 28, 2014, was the date of his most recent deportation. Hernandez-Zavala confirmed the accuracy of that date and restated his plea of guilty. Thus, Hernandez-Zavala was aware that he faced the possibility of a 20-year maximum sentence under § 1326(b), and there is nothing in the record suggesting he would have changed his plea had the Government provided the correct deportation date at his plea hearing.[4]

---

[4] Citing *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996), Hernandez-Zavala argues that the Government waived any objection to the deportation date contained in the magistrate judge's report because it failed to timely object to the report and recommendation. This argument also fails. In *Douglass*, this court held "that failure to object timely to a magistrate judge's report and recommendation bars a party, except upon grounds of plain error . . . from attacking on appeal . . . the proposed factual findings . . . provided that the party has been served with notice that such consequences will result from a failure to object." *Id.* at 1417; *see also United States v. Young*, 585 F.3d 199, 202 (5th Cir. 2009) (noting that when a party fails to object to a magistrate judge's report, the court normally reviews any claim on appeal for plain error). *Douglass* did not, however, state that any un-objected-to error in the magistrate judge's report is waived for correction at sentencing, and thus it is inapposite.

No. 16-40352

III

Hernandez-Zavala next argues that the Government committed fraud on the court. Specifically, he argues that, contrary to the Government's statements in its motions to amend, he never agreed to amend the plea colloquy to reflect the correct deportation date. Because Hernandez-Zavala raises this argument for the first time on appeal, we review for plain error. *Puckett v. United States*, 556 U.S. 129, 134–35 (2009).

There is no indication that the Government engaged in egregious misconduct constituting fraud on the court. *See Fierro v. Johnson*, 197 F.3d 147, 154 (5th Cir. 1999) ("[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."). Even if Hernandez-Zavala didn't "agree" to amend the plea colloquy (contrary to the title of the Government's motion), he did agree that the date in the factual basis was incorrect. The district court also knew he opposed the motion because he argued it was procedurally improper and asked the court to deny it. Furthermore, there is no indication in the record that the district court ever ruled on the Government's motions to amend. Accordingly, Hernandez-Zavala has failed to show plain error.

IV

Next, Hernandez-Zavala argues that the district court's misconduct violated his due process and equal protection rights, and that the district court judge should be recused from any remand of this matter because of his "bias and prejudice." Even liberally construed, Hernandez-Zavala's brief is devoid of any legal citation to support his arguments that the comments, actions, and rulings of the district court violated his due process and equal protection rights and demonstrated the district court's bias. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

No. 16-40352

V

Hernandez-Zavala also raises various claims concerning the prior offenses used to calculate his offense level and criminal history score. He did not raise these claims before the district court, and thus we review each for plain error. None is persuasive.

Hernandez-Zavala argues that the 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(i) was improper because, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior conviction does not constitute an "aggravated felony." But Hernandez-Zavala's § 2L1.2(b)(1)(A) enhancement was based on his conviction for a "drug trafficking offense," not an aggravated felony, and *Johnson* is inapplicable.

Hernandez-Zavala contends that his 2008 Oregon state convictions for cockfighting, various controlled substance offenses, and criminal forfeiture should not have been counted toward his criminal history score because he was not represented by counsel. A defendant may collaterally attack a prior conviction used for sentencing purposes if the prior conviction was obtained in violation of his constitutional right to counsel. *Custis v. United States*, 511 U.S. 485, 487, 496 (1994). State law determines the appropriate allocation of the burden of proof for such a collateral attack. *Mallard v. Cain*, 515 F.3d 379, 382 (5th Cir. 2008); *see also Iowa v. Tovar*, 541 U.S. 77, 92 (2004) (citing applicable state law in allocating burden of proof for collateral attack on state conviction). In Oregon, judgments carry a "presumption of regularity," and the defendant must prove that he "did not competently and intelligently waive his constitutional right to assistance of [c]ounsel." *Schram v. Gladden*, 444 P.2d 6, 7 (Or. 1968) (en banc) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938)); *see also State v. Probst*, 124 P.3d 1237, 1246 (Or. 2005) (en banc). The amended PSR notes that Hernandez-Zavala "was not represented by counsel and entered a plea of nolo contendere" in connection with his 2009 Oregon state

convictions. Hernandez-Zavala did not argue or offer any evidence before the district court that he "did not competently and intelligently waive" his right to counsel. *See Schram*, 444 P.2d at 7. Given the "presumption of regularity" afforded to Oregon state court judgments, *see Probst*, 124 P.3d at 1246, the district court did not plainly err in counting Hernandez-Zavala's 2008 convictions toward his criminal history score. *See Puckett*, 556 U.S. at 135.

Hernandez-Zavala also argues that his 2009 convictions for various controlled substance offenses, possession of a forged instrument, identity theft, and cockfighting should not have been counted toward his criminal history score because the Government failed to produce the amended judgment for those convictions. Contrary to Hernandez-Zavala's assertion, the amended judgment was produced by the probation officer. Moreover, a PSR generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations. *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013). Hernandez-Zavala presented no evidence to rebut the description of the criminal convictions in the PSR, and thus the district court did not err in relying on it. *See id.*; *see also United States v. Jackson*, 136 F. App'x 672, 673 (5th Cir. 2005) (unpublished) (rejecting similar challenge to use of prior convictions).

Similarly, Hernandez-Zavala contends that the district court erred by relying on the PSR's description of his 2009 convictions for coercion and assault in calculating his criminal history score. However, the audio tape Hernandez-Zavala submitted from the state court record was inaudible, and the district court noted that Hernandez-Zavala did not produce the state court document outlining the stipulated facts for the convictions. Hernandez-Zavala therefore failed to rebut the information in the PSR and the district court's reliance on that information was not clear or obvious error. *See Zuniga*, 720 F.3d at 591; *see also Puckett*, 556 U.S. at 135. Further, the probation officer did not err in

failing to redact references to the knife from the PSR. Notably, the probation officer amended the PSR to reflect Hernandez-Zavala's statement that he did not use a knife in the offense.[5]

## VI

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[5] To the extent Hernandez-Zavala raises an ineffective assistance of counsel claim by complaining of counsel's failure to obtain additional state court records to prove he did not have a knife, we decline to consider it, without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).